IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| INVESTMENT CORP., et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| AMERICAN HOME MORTGAGE | : | |
| INVESTMENT CORP., | : | Adv. Proc. Case No. 07-51739(CSS) |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 08-484-JJF |
| | : | |
| LEHMAN BROTHERS INC. and | : | |
| LEHMAN COMMERCIAL PAPER INC., | : | |
| | : | |
| Appellees. | : | |

Susheel Kirpalani, Esquire and James C. Tecce, Esquire of QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP, New York, New York.
John T. Dorsey, Esquire and Erin D. Edwards, Esquire of YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Appellant.

Robert J. Rosenberg, Esquire; Noreen A. Kelly-Najah, Esquire; George Royle, Esquire; Michael J. Riela, and Jason Sanjana, Esquire of LATHAM & WATKINS LLP, New York, New York.
William P. Bowden, Esquire and Amanda M. Winfree, Esquire of ASHBY & GEDDES, P.A., Wilmington, Delaware.

Attorneys for Appellees.

**MEMORANDUM OPINION**

July 28, 2009
Wilmington, Delaware.

Farnan, District Judge.

    Pending before the Court is a Request Pursuant To 11 U.S.C. § 105(a), 28 U.S.C. § 158(d)(2) And Fed. R. Bankr. P. 8001(f), For Certification For Direct Appeal To United States Court Of Appeals For Third Circuit Of Order Dismissing In Part With Prejudice And In Part Without Prejudice Complaint Against Lehman Brothers Inc. And Lehman Commercial Paper Inc. (As Amended) And Motion To Stay Action Pending Adjudication Of Certification Request (D.I. 5) filed by Appellant, American Home Mortgage Investment Corp. ("American Home"). For the reasons discussed, the Court will deny the Request for direct certification.

I. **PARTIES' CONTENTIONS**

    By its appeal, American Home requests the Court to directly certify this appeal to the Third Circuit and to stay this action pending that appeal. American Home contends that certification of this appeal is mandatory because (1) the Bankruptcy Court's decision raises issues of first impression that have not been addressed by either the Third Circuit or the Supreme Court; (2) the Bankruptcy Court's decision raises questions of critical public importance because it significantly affects repurchase agreements, which in turn affects the global financial markets and other repurchase agreement borrowers who might become debtors in possession; and (3) the Bankruptcy Court's decision affects the claims that American Home is evaluating against its other repurchase agreement counterparts and lenders, and to the extent

those claims may provide significant recovery for creditors, a direct appeal will materially advance American Home's Chapter 11 case.

In response, Lehman Brothers Inc. and Lehman Commercial Paper Inc. ("Lehman") contend that the issues raised in the Bankruptcy Court's decision are not the proper subject of a direct certification because they are not questions of law, but rather, fact dependent questions. Lehman also contends that the Bankruptcy Court's decision does not affect a broad range of debtors, but only those debtors who are parties to master repurchase agreements and securities contracts who wish to challenge the safe harbors extended to such contracts under the Bankruptcy Code. Lehman further points out that American Home's underlying bankruptcy case is proceeding regardless of the Court's decision on this issue. In addition, Lehman contends that American Home seeks to certify issues that were not raised in the Bankruptcy Court in the first instance.

## II. DISCUSSION

In pertinent part, Section 158(d)(2)(A) of Title 28 of the United States Code provides:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that-

2

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii) the judgment, order or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and, if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

After reviewing the parties submissions and the underlying Bankruptcy Court decision, the Court concludes that the issues identified for appeal by American Home do not warrant direct certification. American Home raises numerous issues in its list of appealable issues that are not directly linked to the Bankruptcy Court decision, and appear to refer instead to broad legal topics which do not satisfy the Bankruptcy Rule requirement of specifically identifying the issues in the Bankruptcy Court's decision that are subject to the appeal. Fed. R. Bankr. P. 8001(f)(3)(c). Further, those issues that are specifically linked to the Bankruptcy Court's decision are, in the Court's view at this juncture, mixed questions that implicate the particular circumstances of this case, and as such, they are not pure legal questions warranting direct certification. Weber v. United States, 484 F.3d 154, 158 (2d Cir. 2007) (noting that legislative history confirms that direct appeal is most

3

appropriate for cases involving pure questions of law, and not for questions "heavily dependent on the particular facts of a case").

In addition, the Court notes that American Home has not identified conflicting decisions on the issues involved in this appeal, and the issues identified for appeal appear to relate to a direct application of New York state law and/or certain provisions of the Bankruptcy Code and the Federal Rules of Civil Procedure to the facts and circumstances present here. In these circumstances, the Court cannot conclude that certification is warranted. See, e.g. In re 15375 Memorial Corp., 2008 WL 2698678, *1 (D. Del. July 3, 2007) (declining certification where questions involved were fact intensive and involved application of state law); In re Marrama, 345 B.R. 458, 474 (Bankr. D. Mass. 2006) (declining to certify appeal where there was no significant dispute in the legal standards involved, despite absence of controlling case law in the First Circuit); In re Fields, 2006 WL 4455764, *3 (Bankr. D.N.J. Oct. 24, 2006) (declining to certify appeal where court was unaware of conflicting decisions and case turned on straightforward application of statutory provisions).

As for American Home's argument regarding the importance of this appeal to both the public and the progress of its Chapter 11 case, the Court is not persuaded that these factors weigh in favor of direct certification here. American Home's underlying

4

bankruptcy is proceeding regardless of this appeal, and while the Court understands the significance of this case to the parties and creditors of American Home, the Court is not persuaded that this case "transcend[s] the litigants and involves a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." 1 <u>Collier on Bankruptcy</u> 5.05[A] (15th ed. rev.).

### III. CONCLUSION

For the reasons discussed, the Court will deny American Home's Request Pursuant To 11 U.S.C. § 105(a), 28 U.S.C. § 158(d)(2) And Fed. R. Bankr. P. 8001(f), For Certification For Direct Appeal To United States Court Of Appeals For Third Circuit Of Order Dismissing In Part With Prejudice And In Part Without Prejudice Complaint Against Lehman Brothers Inc. And Lehman Commercial Paper Inc. (As Amended) And Motion To Stay Action Pending Adjudication Of Certification Request.

An appropriate Order will be entered.